STATE of Maine

v.

Stephen WOODWARD.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 5, 1992.

Decided Dec. 3, 1992.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee, Asst. Dist. Atty., Portland, for the State.

Stephen E. Devine, Yaarmouth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Stephen Woodward appeals from a judgment entered on a jury verdict in the Superior Court (Cumberland County, *Lipez, J.*) convicting him of two counts of unlawful sexual contact. 17–A M.R.S.A. § 255(1)(C) (Supp.1991). Woodward contends that the court erred in denying his first two motions to admit his written statement in evidence pursuant to M.R.Evid. 106. Although we agree that the court erred in denying Woodward's second motion to admit his statement, we conclude the error was harmless. Accordingly, we affirm his convictions.

### I.

During Woodward's trial, Detective Robin Dahms of the Cumberland County Sheriff's Department testified on behalf of the State as to her investigation in this matter. At the conclusion of her direct testimony, Detective Dahms identified a handwritten statement that Woodward had prepared and given to her during the course of her initial interview. At this point the prosecutor did not inquire into the substance of the statement.

The next day, Woodward testified in his defense. During his direct testimony, defense counsel offered Woodward's statement for admission in evidence. The State objected on the ground that it could only be deemed a prior consistent statement to buttress Woodward's trial testimony. The court sustained the objection.

During cross-examination of Woodward, the prosecutor inquired into Woodward's use of certain terms in his statement. Defense counsel then moved for the admission of the entire statement. After receiving assurances from the prosecutor that her inquiry would be limited to Woodward's use of two words, the court excluded the statement. During the State's subsequent inquiry, defense counsel objected that the words were being taken out of context. The court reassured counsel that he would have a full opportunity to place the words in context on redirect examination.

At the close of the defendant's case, defense counsel again offered the statement. The State did not object and the statement was admitted. Defense counsel later made use of the statement in his closing argument and the jury had the statement during its deliberations. The jury found Woodward guilty on both counts.

### II.

Woodward argues that the court erred in failing to admit his written statement pursuant to M.R.Evid. 106 on his first two motions. That rule provides in pertinent part: "When a writing ... or part thereof is utilized in court by a party, ... [t]he court on motion of the adverse party may require the introduction ... of the writing ... or any part thereof ... which ought in fairness to be then considered." The purpose of the rule is "to enable the court to correct the misleading impression created by taking matters out of context."

M.R.Evid. 106 advisers' note. The trial court has broad discretion in determining whether to admit the entire statement and the trial court's determination is reviewed only for an abuse of that discretion. *State v. Cyran,* 586 A.2d 1238, 1240–41 (Me. 1991); *State v. Burnham,* 427 A.2d 969, 972 (Me.1981).

■ The State contends that M.R.Evid. 106 is not applicable to Woodward's first motion to admit his statement because it was not preceded by any use thereof by the State. We agree. The mere authentication of a document does not constitute the utilization thereof under Rule 106. Until a party engages in an inquiry into the substance of the statement there is no misleading impression to be placed in context.

■ The State concedes that Woodward's second motion to admit his statement was contemporaneous with the State's use thereof. The State, however, argues that given its limited inquiry into the substance of the statement and defense counsel's opportunity to place Woodward's words in context on redirect examination, the court did not abuse its discretion in denying Woodward's second motion. We disagree. When the State utilizes a portion of a criminal defendant's statement to create an inculpatory impression, fairness demands that the defendant be afforded the opportunity to immediately place at least that portion in an exculpatory context pursuant to Rule 106. Accordingly, the court's denial of any such opportunity constitutes an abuse of discretion.

■ Although we find that the trial court erred in denying Woodward's second motion, we need not vacate the judgment because we conclude the error was harmless. Harmless error in the context of evidentiary rulings in criminal cases is governed by M.R.Evid. 103(a) and M.R.Crim.P. 52(a), which instruct the court to disregard errors that do not affect "substantial" rights. We have consistently held that preserved error will be treated as harmless "only if it is highly probable that the error did not affect the judgment." *State v. Naylor,* 602 A.2d 187, 189 (Me.1992); *State v. True,* 438 A.2d 460, 467 (Me.1981). The entire statement was admitted at the close of the evidence, defense counsel was able to make use of the statement in his closing argument, and the jury had it during its deliberations. We conclude that those circumstances make it highly probable the error did not affect the judgment.

The entry is:

Judgment affirmed.

All concurring.